IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN R. JOHNSON,

    PLAINTIFF,

v.                                          CIVIL ACTION NO.
                                              2:15-CV-00111-WKW-WC

HYUNDAI ENG AMERICA, INC.,

    DEFENDANT.                       JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, John R. Johnson (hereinafter "Plaintiff"), is a resident of Calera, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

1

3. Defendant Hyundai ENG America, Inc. (hereinafter "Defendant") is a company doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Venue for this action lies in the Middle District, Northern Division.

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Plaintiff began work with Defendant on April 20, 2010.

6. Defendant employed Plaintiff as a "specialist."

7. During the course of the employment relationship, from the time of Plaintiff's commencement of employment with Defendant until Plaintiff's resignation of employment on January 5, 2015, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

8. Plaintiff regularly worked over forty hours in a work week.

9. Defendant paid Plaintiff one and one-half times his regular hourly rate of pay for weekend work.

### IV. COUNT ONE – FLSA – Overtime Violations

10. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-9 above.

2

11. Plaintiff worked in a metro trailer until approximately September 2013 when Plaintiff and co-workers were moved into an office.

12. With the knowledge of Defendant's management, Plaintiff typically arrived at work and commenced work for the benefit of Defendant approximately 10-20 minutes before the beginning of his shift.

13. Plaintiff's desk was next to the refrigerator where employees ate.

14. Throughout the employment relationship, Plaintiff's supervisors were the project managers at the location where Plaintiff worked.

15. During approximately the first six months of Plaintiff's employment, Plaintiff's supervisor for was Chang Kang.

16. For the time frame of approximately October 10, 2010, through September 2013, Plaintiff's supervisor was Jae Hong Choi.

17. For the time frame of approximately September 2013 until Plaintiff's resignation of employment on January, 5, 2015, Plaintiff's supervisor was Hoo Taek Lee.

18. During the last three years of Plaintiff's employment, the desk of the project manager, whether it be Choi or Lee, was located next to Plaintiff's desk.

19. Defendant scheduled Plaintiff to work from 8:00 a.m. to 5:00 p.m. Monday through Friday, although this was later changed to 7:00 a.m. to 4:00 p.m.

20. Defendant deducted an hour for an unpaid meal break without ensuring that Plaintiff received the full hour relieved of his job duties.

21. Plaintiff typically worked through his unpaid meal breaks.

22. Plaintiff typically ate at his desk within sight of his supervisor.

23. Plaintiff rarely left work at 5:00 p.m., and stayed past that time to complete job duties for the benefit of Defendant.

24. Defendant willfully and intentionally violated the FLSA by failing to pay Plaintiff for hours of work performed by Plaintiff Monday through Friday in excess of forty in the work week at one and one-half times Plaintiff's hourly rate of pay.

25. Plaintiff asked his supervisors and even communicated by email with the HR Department of Defendant in California regarding being paid for this overtime to no avail.

26. Defendant paid for weekend work performed by Plaintiff at an overtime rate, but not for overtime performed during the work week Monday through Friday.

27. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

**SERVE DEFENDANT AT:**
Hyundai ENG America, Inc.
c/o Agent for Service of Process
National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104